**Michael L. Wroniak, Esq. (State Bar No. 210347)**
**Robert Charles Leiford III, Esq. (State Bar No. 340583)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 - FAX (714) 823-4101**
**Email: mwroniak@ccllp.law**
**Email: rleiford@ccllp.law**

Attorneys for Defendants
CITY OF PLACENTIA AND OFFICER PEREZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOULDING, individually and as Personal Representative of the Estate of Jana Goulding, Deceased; TOMAS CASTRO, individually and as Personal Representative of the Estate of Jana Goulding, JESSICA CASTRO, individually and as Personal Representative of the Estate of Jana Goulding, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF PLACENTIA, a Governmental Entity; Officer PEREZ, individually; CITY OF ANAHEIM, a Governmental Entity; CITY OF FULLERTON, a Governmental Entity and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> LASC Case: 30-2023-01359123-CU-PO-NJC <br> *Assigned to Hon. Nathan Nhan Vu, Dept. N15* <br><br> **NOTICE OF REMOVAL** <br><br> **Complaint Filed: 10/26/2023** <br> **Trial Date:       None** |

///

*25230*

1
**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants CITY OF PLACENTIA and OFFICER PEREZ hereby remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## I.   BACKGROUND

1. On October 26, 2023, Plaintiffs MICHAEL GOULDING, individually and as Personal Representative of the Estate of Jana Goulding (deceased), TOMAS CASTRO, individually and as Personal Representative of the Estate of Jana Goulding (deceased), and JESSICA CASTRO, individually and as Personal Representative of the Estate of Jana Goulding (deceased), filed a complaint for damages against Defendants CITY OF PLACENTIA, OFFICER PEREZ, CITY OF ANAHEIM, CITY OF FULLERTON, and DOES 1 through 10 in the Superior Court of California, County of Orange, Case No. 30-2023-01359123-CU-PO-NJC (the "State Court Action"). The complaint contained five causes of action for: (1) Deliberate Indifference to a Substantial Risk of Harm to Health and Safety 42 U.S.C. § 1983 – 14th Amendment; (2) *Monell*-Failure to Train under 42 U.S.C. § 1983 Unconstitutional Custom, Practice, & Policy under 42 U.S.C. § 1983; (3) 14th Amendment – Interference With Familial Relations under 42 U.S.C. § 1983; (4) Negligence (State); and (5) Bane Act C.C. 52.1 et seq. (State). A true and correct copy of the original complaint is attached hereto as **Exhibit A.**

2. This lawsuit arises out of an incident on April 22, 2023, as a result of a collision of a suspect vehicle and Jana Goulding (deceased), due to an alleged "ghost chase" by Placentia Police Department OFFICER PEREZ and the suspect vehicle.

///

///

*25230*

**NOTICE OF REMOVAL**

COLLINS + COLLINS LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

## II. FEDERAL QUESTION JURISDICTION EXISTS AND THE COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION

3. With exceptions not relevant here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. Removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936).

5. Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over the Plaintiff's state law claims which derive from a common nucleus of operative fact with the federal law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## III. COMPLIANCE WITH STATUTORY REQUIREMENTS

7. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are attached to this notice.

8. City of Placentia and Officer Perez consent to the removal of this action. Thus, removal is proper pursuant to 28 U.S.C. § 1446(b)(2). City of Fullerton has been properly joined and served in this action. City of Fullerton consents to the removal of this action. A true and correct copy of the signed certification of consent for removal is attached hereto as **Exhibit B**.

///

///

///

*25230*

**NOTICE OF REMOVAL**

COLLINS + COLLINS LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

9. On November 22, 2023, Defendant City of Anaheim was dismissed from the matter by Plaintiffs and entered by the clerk. A true and correct of the signed, filed, and processed Request for Dismissal is attached hereto as **Exhibit C**.

10. Removal to the present venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District court for the district corresponding to the place where the State Court Action is pending. Specifically, Plaintiff filed this action in the Superior Court for the State of California, County of Orange, which is embraced within the Central District of California. Therefore, this action may be removed to this Court.

11. In accordance with 28 U.S.C. § 1446(d), a copy of Defendants City of Placentia and Officer Perez's notice of filing of notice of removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Orange.

12. In accordance with 28 U.S.C. § 1446(d), Defendants City of Placentia and Officer Perez's are also contemporaneously servicing this notice of removal on all adverse parties.

DATED:  December 11, 2023            COLLINS + COLLINS LLP

By: _____
ROBERT C. LEIFORD III
MICHAEL L. WRONIAK
Attorneys for Defendants
CITY OF PLACENTIA AND
OFFICER PEREZ

COLLINS + COLLINS LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

*25230*

4

**NOTICE OF REMOVAL**

# Exhibit A

**DDS**
LEGAL SUPPORT
• COURT • PROCESS
• DELIVERY • DISCOVERY
• DEPOSITION OFFICER

Certified eFiling Service Provider (EFSP), California Superior Courts

customerservice@ddslegal.com
(714) 662-5555

**PROCESS SERVICE**
**1st attempt in 3+ days**
**468067A**



**COMPLETE BY**
**11/22/2023**

---

Cameron Sehat Law Offices
5100 Campus Drive, Suite 200
Newport Beach, CA 92660
P (949) 825-5200
Contact: Laura Schwanbeck
Email Address:
Reference: Goulding

Date Ordered: 11/9/2023
Case Name: Michael Goulding, et al. vs City of
Placentia, a Governmental Entity; et al.
Case Number: 30202301359123CUPONJC

1.)
Business Address
401 E Chapman Ave
Placentia, CA 92870-6101
Krystle Murillo - Risk Manager

**City of Placentia, a Governmental Entity**

DOCUMENTS: Civil Case Cover Sheet; Superior Court of
California, County of Orange Alternative Dispute Resolution
(ADR) Information Packet

---

## Special Instructions:

SERVER: ORSON            SP****CLIENT - Please serve the attached Summons
and Complaint with Civil Cover Sheet on the following government entities/individuals: CITY
OF PLACENTIA - Krystle Murillo, Risk Manager - 401 E. Chapman Avenue, Placentia, CA
92870.   DDS LDS: 11/22/23

**RECEIVED**

**NOV 1 3 2023**

CITY CLERK'S OFFICE
CITY OF PLACENTIA

---

We shall make all reasonable effort for prompt delivery but assume no responsibility for loss arising from late delivery. DDS's liability for any direct economic damage incurred as a result of any breach, failure, act or omission of DDS and employees shall not exceed $250.00 per invoice. Under no circumstances shall DDS be liable for incidental or consequential damages.

Electronically Filed by Superior Court of California, County of Orange, 10/26/2023 01:27:15 PM.
30-2023-01359123-CU-PO-NJC - ROA #3 - DAVID H. YAMASAKI, Clerk of the Court By S. Romney, Deputy Clerk.

| | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER.**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE:                                    Clerk, by                                    , Deputy
*(Fecha)*                               *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]

Electronically Filed by Superior Court of California, County of Orange, 11/07/2023 11:55:00 AM.
30-2023-01339423-CU-PO-NJC ROA #3 - DAVID H. YAMASAKI, Clerk of the Court By G. Valencia, Deputy Clerk.

Case 8:23-cv-02332-MWC-KES   Document 1   Filed 12/11/23   Page 8 of 36   Page ID #:8

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Cameron Sehat, Esq. (SBN: 256535)<br>5100 Campus Dr., Suite 200<br>Newport Beach, CA 92660<br>TELEPHONE NO.: 949-825-5200     FAX NO. (Optional): 949-313-5001<br>E-MAIL ADDRESS: cameron@sehatlaw.com<br>ATTORNEY FOR (Name): Plaintiffs | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Central Justice Center

CASE NAME:
MICHAEL GOULDING, individually, et al. vs. CITY OF PLACENTIA, a Governmental Entity, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [X] Other PI/PD/WD (23) | [ ] Eminent domain/inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:

_____          ► _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

Electronically Filed by Superior Court of California, County of Orange, 10/26/2023 01:27:15 PM.

30-2023... Case 8:23-cv-02332-MWC-KES Document 1 ASAK, Clerk of the Court By G Ramirez, Deputy Clerk. Filed 12/11/23 Page 9 of 36 Page ID #:9

THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN: 256535)
Cameron@sehatlaw.com
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
Telephone: (949) 825-5200

cameron@sehatlaw.com

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

| | |
|---|---|
| MICHAEL GOULDING, individually and as Personal Representative of the Estate of Jana Goulding, Deceased; TOMAS CASTRO, individually and as Personal Representative of the Estate of Jana Goulding, JESSICA CASTRO, individually and as Personal Representative of the Estate of Jana Goulding, <br><br>                    Plaintiffs, <br><br>        vs.; <br><br> CITY OF PLACENTIA, a Governmental Entity; Officer PEREZ, individually; CITY OF ANAHEIM, a Governmental Entity; CITY OF FULLERTON, a Governmental Entity and DOES 1 through 10, inclusive, <br><br>                    Defendants. | Case No.: 30-2023-01359123-CU-PO-NJC <br> Assigned for All Purposes: Judge Nathan Vu <br> **COMPLAINT** <br><br> 1. **Deliberate Indifference to a Substantial Risk of Harm to Health & Safety 42 U.S.C. § 1983- 14th Am.** <br> 2. *Monell*-**Failure To Train-42 U.S.C. §1983 Unconstitutional, Custom, Practice & Policy-42 U.S.C. §1983** <br> 3. **14Th Amendment-Interference With Familial Relations - 42 U.S.C. § 1983** <br> 4. **Negligence (State)** <br> 5. **Bane Act C.C. 52.1 Et Seq. (State)** <br><br> **DEMAND FOR JURY TRIAL** |

### PRELIMINARY STATEMENT

1. Plaintiffs, on behalf of their mother, Jana Goulding who is also known as "Decedent", who at the time of the incident was a pedestrian in the city of Anaheim, California, bring this action against the City of Placentia ("PLACENTIA"), the City of Fullerton, ("FULLERTON"), the City of Anaheim ("ANAHEIM"); Placentia Police Officer Perez, "PEREZ", and DOES 1 through 10 for monetary damages to redress for the decedent's injuries and death resulting from Defendants' deliberate indifference and reckless disregard of Jana Goulding's constitutional rights and liberties and State law rights. Plaintiffs bring this action under the Fourteenth

-1-

Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, and State law for injuries and death suffered as a result of the Defendants' substantial and deliberate indifference to Decedent's health and welfare while they were engaged in the scope of their employment as police officers. The plaintiffs state a claim against the Defendants for a failure to establish policies, procedures, and training which resulted in the subject incident. This is a civil action seeking damages against the Defendants for committing acts under color of law, and depriving the Decedent of rights secured by the Constitution and laws of the United States (42 U.S.C. § 1983) and California state laws. Defendants, PLACENTIA, FULLERTON, ANAHEIM, and PEREZ, and officials and management and including all named defendants and DOES "one" through "ten", were deliberately indifferent by, without limiting other acts and behaviors: failing to safeguard against Decedent as a member of the public, failing to protect the public when engaging in a high-speed pursuit of a misdemeanant, and failing to activate warning lights and sirens to when engaging in a high-speed chase. Defendants deprived the Decedent's rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States against cruel and unusual punishment and guaranteed under State law.

2. The Defendants and its management and employees violated the decedent's constitutional and state law rights and were deliberately indifferent by, without limiting other acts and behaviors: (1) deliberately ignoring and failing to follow known vehicle pursuit policies (2) carelessness engaging in a high-speed chase without taking proper measures to warn the public of impending high-speed pursuit (3) failing to supervise and train defendants in the high-risk vehicle pursuit protocols (4) initiating a vehicle pursuit without emergency lights as required of V.C. 21056

3. According to the Vehicle Pursuit Policy of the Placentia Police Department policy no.307.3, <u>Officer Responsibilities:</u> Vehicle pursuits shall only be conducted using authorized police department emergency vehicles that are equipped with *and displaying emergency lighting and sirens as required by Vehicle Code §21056.* Officers are responsible for continuously driving with due regard and caution for the safety of all persons and property.

4. A "ghost chase" is a vehicular pursuit of a suspect by an officer wherein the officer does not activate their siren and lights which is prohibited by their department because such pursuits create a high risk of injury and/or death to the lives of the suspect and innocent bystanders.

5. As a consequence of the defendants' actions, Decedent and Plaintiffs suffered debilitating physical, emotional, and psychological injury all proximately causing her death which action constituted a clear deprivation of her constitutional rights.

## JURISDICTION AND VENUE

6. This action is filed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Negligence, pursuant to 42 U.S.C. § 1983, to redress injuries and the death suffered by the Plaintiffs' Decedent at the hands of defendants.

7. This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367(a).

8. On August 17, 2023, the Plaintiffs submitted a Government Tort Claim to the City of Placentia, city clerk. On August 28, 2022, the city of Placentia through a claim's administrator acknowledged receipt of the tort claim. As of October 1, 2023, or 45 days after acknowledgment of the claim receipt, there has been no agreement to extend the 45-day claim decision period. Fullerton city denied their claim on September 21, 2023. Anaheim City has yet to respond to the receipt of this complaint. Hence, this lawsuit ensued.

9. Jurisdiction and venue are proper in the Central District of California in that the acts of misconduct occurred in Placentia, California within the Central District of California with such acts causing the death of Jana Goulding. Jurisdiction and venue are further proper within the Fresno Superior Court as the events and incidents also encompass the county court's jurisdiction.

10. At all relevant times, the incident which is the subject of this complaint took place at or near 725 East Street, in Anaheim, California.

11. Venue is further proper in the federal Court pursuant to Title 28 U.S.C. § 1391(b) and (c).

-3-

## PARTIES

12.    Plaintiff, Tomas Castro, is an adult child and successor-in-interest to Jana Goulding, hereinafter referred to as "GOULDING" or "Decedent". Tomas Castro is also acting in the capacity of a personal representative of the estate of GOULDING and individually. He will file the appropriate declaration pursuant to Cal. Civ. Proc. Code 377.32 to pursue his mother's survival claims.

13.    Plaintiff, Michael Goulding, is an adult child and successor-in-interest to Jana Goulding. Michael Goulding is also acting in the capacity of a personal representative of the estate of GOULDING and individually. He will file the appropriate declaration pursuant to Cal. Civ. Proc. Code 377.32 to pursue his mother's survival claims.

14.    Plaintiff, Jessica Castro, is an adult child and successor-in-interest to Jana Goulding. Jessica Castro is also acting in the capacity of a personal representative of the estate of GOULDING and individually. She will file the appropriate declaration pursuant to Cal. Civ. Proc. Code 377.32 to pursue her mother's survival claims.

15.    Defendant City of Placentia, hereinafter known as "PLACENTIA", is a governmental entity that acts through individuals to establish its policies and that is capable of being sued under state and federal law. PLACENTIA is responsible for operating the Placentia Police Department.

16.    Defendant City of Fullerton, hereinafter known as "FULLERTON", is a governmental entity that acts through individuals to establish its policies and that is capable of being sued under state and federal law. FULLERTON is responsible for operating the Fullerton Police Department.

17. Defendant City of Anaheim, hereinafter known as "ANAHEIM", is a governmental entity that acts through individuals to establish its policies and that is capable of being sued under state and federal law. ANAHEIM is responsible for operating the Anaheim Police Department.

18.    Defendant Officer PEREZ (ID no. 1285), at all times relevant to the complaint is a sworn police officer having acted within the scope of her employment as a police officer for the PLACENTIA police department. PEREZ is being sued in her individual capacity. PEREZ is a

-4-

duly authorized employee and agent of PLACENTIA and was acting within the course and scope of her perspective duty as a police officer with the complete authority and ratification of her principal.

19.    Defendant DOES 1-10, are employees of the PLACENTIA, FULLERTON, and ANAHEIM Police Departments, and at times relevant to the complaint were employed in the capacity of police officers. DOES 1-10 are duly authorized employees and agents of PLACENTIA, FULLERTON, and ANAHEIM and were acting within the course and scope of their perspective duties as police officers with the complete authority and ratification of their principal. Defendants DOES 1-10 are being sued in their individual capacity.

20.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant herein.

## FACTUAL ALLEGATIONS

21.    On April 22, 2023, at approximately 1:15 a.m., Placentia P.D. received an alert from their automated license plate reader of an alleged stolen vehicle. A few minutes later, Officer PEREZ locates the subject vehicle within her jurisdiction, in the city of Placentia.

22.    Officer PEREZ begins to pursue the subject vehicle but without lights and sirens.

23.    Upon information and belief, the suspect vehicle was initially spotted in the city of Placentia. However, the vehicle crossed city boundaries into Anaheim city. Despite the suspect crossing into another jurisdiction, Officer PEREZ continued to chase after the suspect.

24.    During the chase, PEREZ broadcasts her locations with corresponding time entries based on the Event Log. At some point during the chase, she broadcasts at the point in time when she entered the 91 freeway W/B from S/B State College Street and when she exited the 91 Highway at East Street covering a distance of one mile in the span of 42 seconds. Based on the time it took to cover one mile from the onramp to the offramp, PEREZ's average vehicle speed was 90 mph which entails she likely sped up to speeds greater than 100 mph while she had to accelerate and decelerate at much lower speeds to enter and exit the freeway.

-5-

25.  Officer PEREZ sped after the suspect at speeds in excess of 60 mph, and reports of even 100 mph+ through the highly populated and congested surface streets of Anaheim after she exited East Street, of 91 Highway.

26.  After she exits, she further broadcasts *"switching to red"*. To which dispatch responds back; *"switching to red not lite up"*.  Foreseeably, PEREZ caused the white BMW to lose control at over 100 mph and crash into the sidewalk where the Decedent was located striking her person at such a velocity that it flung her body some 100-150 feet at a distance. The posted speed limit on East Street is 35 mph.

27. A Ring video camera from a neighboring residence captured the immediate aftermath of the devastating collision of the suspect vehicle. Importantly, as soon as the [1]Ring camera started recording, and immediately after the crash, the Ring camera captured Officer PEREZ's police vehicle on the scene next to the crash site, at an estimated speed of less than 3 mph and slowing down to a stop. *After* Officer PEREZ's vehicle came to a stop, she activated her overhead blue and red emergency lights.

28.  The force of the collision caused GOULDING to sustain fatal injuries including polytrauma consisting of open fractures of all four limbs.

29.  The autopsy revealed a cause of death as complications of head injury due to Blunt impact and open fractures noted on all four limbs.

30. Jana Goulding was 44 years of age when she passed away.

## FIRST CLAIM FOR RELIEF

### DELIBERATE INDIFFERENCE TO A SUBSTANTIAL RISK OF HARM TO HEALTH & SAFETY-42 U.S.C. § 1983 & 14th Amendment

### (On behalf of Jana Goulding's Estate and Against ALL individually named Defendants and DOES 1-10)

31.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1-4, and 12 through 30 of this Complaint with the same force and effect as if fully set forth herein.

---

[1] The Ring camera was set to start recording as soon as motion was detected. When the video recording starts, it depicts a cloud of debris and dust from the high-speed collision of the retainer wall of a house. The start of the video also depicts power lines swaying back and forth as a utility powers post which also shook due to the impact.

32. Defendant PEREZ and DOE officers affirmatively and proximately caused Plaintiffs and Decedent harm by:

a) Conducting a high-speed chase on narrow, populated residential street.

b) Purposely maintaining a high-speed chase in an effort to make a suspect lose control and severely injuring and killing a pedestrian.

c) Failing to document a vehicle pursuit, vehicle collision and injuries despite their involvement.

33. Defendants PEREZ and DOES violated their own department policy and law enforcement training by:

d) Violating their department policy on vehicle pursuit and officer training that prohibited high-speed chases on surface streets that placed the suspect, pedestrians and bystanders at risk;

e) Violating their department policies and officer training that prohibited officers from purposely keeping off their lights and siren during a vehicle pursuit;

f) Violating their department's policy and officer training that prohibited officers from purposely failing to contact and report a vehicle pursuit to dispatch;

g) Violating their department's policy and officer training to use their law enforcement powers to cause unnecessary harm to a person;

h) Violating their department's policy and officer training to document their involvement in vehicle collisions, pursuits and injuries;

34. Defendants DOES and PEREZ caused irreparable, unreasonable harm purposefully when they engaged in a reckless, prohibited police pursuit at dangerous speeds with the intent to harm a suspect that proximately caused the harm and death of DECEDENT, and Plaintiff's Constitutional rights under the Fourteenth Amendment;

35. All of the Defendants knew there was a substantial risk to GOULDING's safety if a ghost chase of a suspect vehicle was to take place at high speeds while in a residential neighborhood.

36. Defendants failed to take reasonable alternative measures to prevent the harm, and deliberately ignored the safety measures in place.

-7-

37.     Those decisions placed Ms. GOULDING at a substantial risk of danger, and risk of suffering severe harm and death because every Defendant was unequivocally informed that engaging a high speed chase without lights and sirens to warn the public of the impending vehicle speeding at dangerous speeds would place the public including GOULDING at a unreasonable risk of harm.

38.     Defendants did not take reasonable available measures to abate that risk, even though reasonable officials in the circumstances would have appreciated the high degree of risk involved-making the consequences of the defendants' conduct obvious.

39.     By not taking such measures, the Defendants caused the Plaintiffs' injuries and ensuing death.

40.     The Defendants, by engaging in a reckless pursuit, acted with deliberate indifference to the safety of GOULDING.

41.     Accordingly, Defendants each are liable to Plaintiffs for compensatory including estate survival and loss of life and predeath pain and suffering damages, wrongful death damages and punitive damages under 42 U.S.C. § 1983 and the 14th and 8th Amendment.

**SECOND CLAIM FOR RELIEF**

*MONELL*- **FAILURE TO TRAIN & CUSTOM, PRACTICE AND POLICY (42 U.S.C. §1983) (Asserted by the Estate of Ms. Goulding and Against Defendants ANAHEIM, FULLERTON AND PLACENTIA and DOES 1-10)**

42.     Plaintiffs hereby repeat, re-state, and incorporate each and every allegation in paragraphs 1-41 of this Complaint with the same force and effect as if fully set forth herein.

43.     As of the date of the subject incident, the Placentia Police Department had in effect a policy that prohibited high-speed pursuits when they become unreasonably unsafe for the surrounding conditions when the speeds exceed the ability of the driver, or exceed the capabilities of the vehicle pursued thus making its operation unsafe. The Placentia Police Department also had another policy in effect that mandated that only emergency vehicles displaying emergency lighting and sirens as required by *Vehicle Code §21055* to engage in vehicle pursuits. Even when a high-speed pursuit is permitted the policy requires that officers

-8-

weigh the risks to the safety of officers, motorists, bystanders, and the public versus the benefit to public safety.

44.    Upon information and belief, while the aforementioned policies had been long in effect, a growing trend arose amongst Placentia PD officers to engage in "ghost chases" in order to avoid scrutiny for vehicle chases. Furthermore, and upon information and belief, these ghost chases became well known to the department causing other crashes and injuries to bystanders. Upon information and belief, high-ranking supervisors and officials within the department were aware of the practice of the ghost chases but failed to take any disciplinary action to abolish and stop the unconstitutional and dangerous practice, which proximately caused defendant PEREZ and other DOE officers to use the practice to chase under the pretext they are "watching" the suspect vehicle being pursued, thereby intently causing the suspect to crash and injure Plaintiffs and the Decedent.

45.    As a result, Defendants ANAHEIM, FULLERTON, and PLACENTIA's failure to address the "ghost chase" common practice resulted in encouraging and endorsing these unsafe high-speed police pursuits in heavily populated areas and therefore proximately caused the Defendants PEREZ and DOES' conduct and are liable for Plaintiffs and Decedent's injuries.

46.    Such damages including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained. Additionally, Defendants are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983, punitive damages, and reasonable attorney's fees under § 1988.

## THIRD CLAIM FOR RELIEF
### NEGLIGENCE
**(Against All Defendants, and DOES 1-10)**

47.    Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as fully set forth herein.

48.    At all times, Defendants PEREZ AND DOES 1-10 owed the Decedent a duty to act with due care in executing and enforcing any right, law, or legal obligation.

49.    At all times, Defendants owed a duty to act with reasonable care.

-9-

50.    The general duties of reasonable care and due care owed to Plaintiffs and Decedent by Defendants include but are not limited to the following specific obligations:

    a)    To refrain from unreasonable and reckless high-speed pursuits.

    b)    To refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and otherwise protected by law.

51.    Defendants breached every one of the aforementioned duties owed to Plaintiffs and Decedent through their acts and omissions.

52.    Defendants ANAHEIM, FULLERTON, and PLACENTIA are vicariously liable for its employees and agents' wrongful acts and omissions pursuant to Cal. Gov. Code § 815.2.

53.    As a direct and proximate result of Defendants PEREZ and DOES' negligence, Plaintiffs sustained injuries and damages and are entitled to relief as set forth above.  As a result of the Defendants' negligence, Plaintiffs claim Wrongful Death damages including loss of comfort, familial support, moral support, counsel, advice, and all other losses associated with wrongful death damages.  Plaintiffs also seek punitive damages as allowed under the law.

## FOURTH CLAIM FOR RELIEF

### Violation of the Bane Act Cal. Civ. Code § 52.1

### (Against All Defendants, and DOES 1-10)

54.    Plaintiffs hereby re-allege and incorporate by reference each and every paragraph in this Complaint as fully set forth here.

55.    Plaintiffs bring this "Bane Act" claim individually for direct violation of their rights.

56.    By their conduct described herein, Defendants and Does 1-10, acting in concert/conspiracy, as described above, violated Plaintiffs' and Decedent's rights under California Civil Code §52.1 and the flowing clearly-established rights under the United States Constitution and the California Constitution:

    a)    Plaintiffs' and Decedent's right to be free from unreasonable and reckless high-speed police pursuits designed to harm people as secured by the

Fourteenth Amendment to the United States Constitution and by Article I., § 13 of the California Constitution;

b)    Plaintiffs' and Decedent's right to be free from officers affirmatively placing them in dangerous situations as secured by the Fourteenth Amendment to the United States Constitution and by Article I., § 13 of the California Constitution;

c)    Plaintiffs' and Decedent's rights to be free from negligence and reckless conduct in violation of state negligence laws.

57.    Further, any intentional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All Defendants' duties and rights violations were volitional, intentional acts, done with reckless disregard for Plaintiffs' and Decedent's rights, and none were accidental or merely negligent.

58.    Defendants ANAHEIM, FULLERTON, and PLACENTIA are vicariously liable, pursuant to California Government Code § 815.2, for violation of Plaintiffs' and Decedent's rights by its employees and agents.

59.    As a direct and proximate result of the Defendants' violation of Cal. Civ. Code §52.1 and of Plaintiffs' and Decedent's rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-10, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1 and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

## FIFTH CLAIM FOR RELIEF

## 14th AMENDMENT-INTERFERENCE WITH FAMILIAL RELATIONS

### (Against all Individually Named Defendants and DOES 1-10)

60.    Plaintiffs hereby repeats, re-states, and incorporates each and every allegation in paragraphs 1-17.1 and 34 through 84 of this Complaint with the same force and effect as if fully set forth herein.

61.     Decedent Jana Goulding had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Decedent's familial relationship with her children.

62.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their mother, Jana Goulding.

63.     The actions of Defendants PEREZ and DOES 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Ms. Goulding and the Plaintiffs, and with a purpose to harm unrelated to any legitimate law enforcement objective.

64.     As a direct and proximate result of these actions, Ms. Goulding experienced pain and suffering and eventually died. Defendants thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Ms. Goulding.

65.     As a direct and proximate cause of the acts of Defendants, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Ms. Goulding, and will continue to be so deprived for the remainder of their natural lives.

66.     As a result of their misconduct, Defendants and DOES 1-10, are liable for Ms. Goulding's injuries, either because they were integral participants in their deliberate indifference or because they failed to intervene to prevent these violations. Because Defendants had ample time and opportunity to contemplate their acts, omissions, and conduct toward GOULDING, their deliberate indifference toward her serious medical condition suffices to prove their action shocked the conscience for purposes of a 14th Amendment Familial Interference cause of action.

-12-

67. Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Ms. Goulding and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages to the individual Defendants.

68. Plaintiffs bring this claim both individually and seek wrongful death damages under this claim. The plaintiffs also seek punitive damages and attorneys' fees under this claim as per 42 U.S.C. sect. 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against all Defendants, and DOES 1 through 10 inclusive, as follows:

1. For compensatory including special and general damages according to proof;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For interest;

4. For reasonable costs of this suit and attorneys' fees per 42 U.S.C. §1988 and C.C. 52.1 et seq.; and

5. For such further other relief as the Court may deem just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Date: October 26, 2023        THE SEHAT LAW FIRM, PLC


_/s/ Cameron Sehat_
Attorney for Plaintiff

-13-

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. Oct. 2014)                                                          Page 1 of 4

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.**   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**   Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                         Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:                 Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT.

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                California Rules of Court, rule 3.221
L1270 (Rev. July 2014)

# Exhibit B

**Michael L. Wroniak, Esq. (State Bar No. 210347)**
**Robert Charles Leiford III, Esq. (State Bar No. 340583)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 - FAX (714) 823-4101**
**Email: mwroniak@ccllp.law**
**Email: rleiford@ccllp.law**

Attorneys for Defendants
CITY OF PLACENTIA AND OFFICER PEREZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOULDING, individually and as Personal Representative of the Estate of Jana Goulding, Deceased; TOMAS CASTRO, individually and as Personal Representative of the Estate of Jana Goulding, JESSICA CASTRO, individually and as Personal Representative of the Estate of Jana Goulding, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF PLACENTIA, a Governmental Entity; Officer PEREZ, individually; CITY OF ANAHEIM, a Governmental Entity; CITY OF FULLERTON, a Governmental Entity and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 30-2023-01359123-CU-PO-NJC <br> *Assigned to Hon. Nathan Nhan Vu in Dept. N15* <br><br> **CERTIFICATION OF CONSENT TO REMOVAL** <br><br> **Complaint Filed:   10/26/2023** <br> **Trial Date:        None** |

COMES NOW, Defendants CITY OF PLACENTIA, OFFICER PEREZ, and CITY OF FULLERTON, by and through their undersigned counsel of record, hereby

25230

1
**CERTIFICATION OF CONSENT TO REMOVAL**

certify to this Court, as well as the other parties, that such defendants consent to the removal of the Complaint filed by Plaintiffs MICHAEL GOULDING, TOMAS CASTRO, and JESSICA CASTRO, in the Superior Court of California, County of Orange, Case No. 30-2023-01359123-CU-PO-NJC.

Accordingly, CITY OF FULLERTON consents to the Notice of Removal filed by Defendants CITY OF PLACENTIA and OFFICER PEREZ, thereby consenting to the removal of the above captioned matter to the United States District Court for the Central District of California, Southern Division. Defendants consent to removal, without waiving any defenses, exceptions, or obligations that may exist in its favor in state court or federal court.

DATED: [Hard Date]                COLLINS + COLLINS LLP

                                  By: _____
                                       MICHAEL L. WRONIAK
                                       ROBERT CHARLES LEIFORD III
                                       Attorneys for Defendants
                                       CITY OF PLACENTIA AND OFFICER
                                       PEREZ


                                  By: _____
                                       MELISSA M. BALLARD
                                       Attorney for Defendant
                                       CITY OF FULLERTON

25230

**COLLINS + COLLINS** LLP

2

**CERTIFICATION OF CONSENT TO REMOVAL**

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,                    )
                                       )   ss.
County of Los Angeles.                 )

      I am employed in the County of Los Angeles.  I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

      On this date, I served the foregoing document described as **CERTIFICATION OF CONSENT TO REMOVAL** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

      Executed on **Click "Once" and Select "DATE".**  at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

------------------------------------------------------------------------------------
Click "Once" and Type "Name of Person Serving Document" here
xx@ccllp.law

*25230*

COLLINS + COLLINS LLP

3

**CERTIFICATION OF CONSENT TO REMOVAL**

**MICHAEL GOULDING, ET AL. V. CITY OF PLACENTIA, ET AL.**
**Case Number: 30-2023-01359123-CU-PO-NJC**
**CCLLP File Number: 25230**

<u>**SERVICE LIST**</u>

Cameron Sehat
THE SEHAT LAW FIRM, PLC
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
T: (949) 825-5200
cameron@sehatlaw.com
**ATTORNEY FOR PLAINTIFFS, MICHAEL**
**GOULDING, TOMAS CASTRO, AND JESSICA**
**CASTRO**

*25230*

**COLLINS + COLLINS** LLP

4

**CERTIFICATION OF CONSENT TO REMOVAL**

# Exhibit C

Electronically Filed by Superior Court of California, County of Orange, 11/22/2023 08:00:00 AM.
30-2023-01359123-CU-PO-NJC - ROA # 17 - DAVID H. YAMASAKI, Clerk of the Court By M. Johnson, Deputy Clerk.

Case 8:23-cv-02332-MWF-KES Document 1 Filed 12/11/23 Page 33 of 36 Page ID #:33

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 256535 | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: Cameron Sehat | | |
| FIRM NAME: The Sehat Law Firm, PLC | | |
| STREET ADDRESS: 5100 Campus Drive. Suite 200 | | |
| CITY: Newport Beach     STATE: CA     ZIP CODE: 92660 | | |
| TELEPHONE NO.: (949) 825-5200     FAX NO.: 949-313-5001 | | |
| E-MAIL ADDRESS: cameron@sehatlaw.com | | |
| ATTORNEY FOR (name): Michael Goulding, Tomas Castro, Jessica Castro | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME:

PLAINTIFF/PETITIONER: Michael Goulding, et al.

DEFENDANT/RESPONDENT: City of Placentia, a Governmental Entity; et al

| REQUEST FOR DISMISSAL | CASE NUMBER: 30202301359123CUPONJC |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice     (2) ☒ Without prejudice
   b. (1) ☐ Complaint          (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*                          on *(date):*
      (4) ☐ Cross-complaint filed by *(name):*                          on *(date):*
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other *(specify):** Dismiss Defendant City of Anaheim only

2. *(Complete in all cases except family law cases.)*
   The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

   Date: November 22, 2022

   Cameron Sehat, Esq. (attorney for plaintiff)
   _____
   (TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

   ► _____
   (SIGNATURE)

   *If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed

   Attorney or party without attorney for:
   ☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
   ☐ Cross-Complainant

3. **TO THE CLERK: Consent to the above dismissal is hereby given.****
   Date: November 22, 2022

   Cameron Sehat, Esq. (attorney for plaintiff)
   _____
   (TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

   ► _____
   (SIGNATURE)

   ** If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

   Attorney or party without attorney for:
   ☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
   ☐ Cross-Complainant

*(For use by clerk)*

4. ☒ Dismissal entered as requested on *(date):* 11/22/2023
5. ☐ Dismissal entered on *(date):*                          as to only *(name):*
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed          ☐ means to return conformed copy

Date: 11/22/2023     DAVID H. YAMASAKI, Clerk of the Court

Clerk, by _____ M. Johnson _____ , Deputy

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CIV-110 [Rev. January 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 *www.courts.ca.gov* |
|---|---|---|

**CIV-110**

| PLAINTIFF/PETITIONER:Michael Goulding, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:City of Placentia, a Governmental Entity; et al | 30202301359123CUPONJC |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

    a. ☐ not recovering anything of value by this action.

    b. ☐ recovering less than $10,000 in value by this action.

    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

▶ _____

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

---

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | **Print this form** | **Save this form** |    | **Clear this form** |

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,            )
                                )  ss.
County of Los Angeles.          )

I am employed in the County of Los Angeles.  I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

On this date, I served the foregoing document described as **NOTICE OF REMOVAL** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **December 11, 2023** at Pasadena, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

--------------------------------------------------------------------------------
Michele L. Schee
mschee@ccllp.law

**COLLINS + COLLINS** LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

*25230*

5
**NOTICE OF REMOVAL**

**MICHAEL GOULDING, ET AL. V. CITY OF PLACENTIA, ET AL.**
**Case Number: 30-2023-01359123-CU-PO-NJC**
**CCLLP File Number: 25230**

<u>**SERVICE LIST**</u>

Cameron Sehat
THE SEHAT LAW FIRM, PLC
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
T: (949) 825-5200
cameron@sehatlaw.com
**ATTORNEY FOR PLAINTIFFS,**
**MICHAEL GOULDING, TOMAS CASTRO,**
**AND JESSICA CASTRO**

COLLINS + COLLINS LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

*25230*

6

**NOTICE OF REMOVAL**